UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MIGUEL A. ROJAS,

                              Petitioner,                    11 Civ. 4322 (CS)(PED)

        - *against* -                                        **REPORT AND**
                                                             **RECOMMENDATION**
PHILIP D. HEATH, Superintendent,

                              Respondent.

TO:   THE HONORABLE CATHY SEIBEL,
      UNITED STATES DISTRICT JUDGE

## I. INTRODUCTION

Petitioner Miguel Rojas ("Petitioner"), appearing *pro se,* seeks a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254 from his June 6, 2008 conviction entered in Dutchess County Court (Hayes, J). Petitioner was convicted, upon a plea of guilty, of one count of manslaughter in the first degree, in violation of N.Y. Penal Law § 125.20, and sentenced, *inter alia*, to a determinate term of twenty-three years imprisonment and five years post-release supervision. He was also ordered to pay $8,350.00 in restitution. This petition comes before me pursuant to an Order of Reference dated July 20, 2011. (Dkt. 8.) For the reasons set forth below, I respectfully recommend that the petition be **DENIED**.

## II. BACKGROUND[1]

---

[1] Unless otherwise indicated, the information within this section is taken from a review of the petition ("Pet."), (Dkt. 2); Respondent's Memorandum of Law ("Resp't's Mem."), (Dkt. 19); Petitioner's Reply to Respondent's Opposition ("Pet'r's Reply"), (Dkt. 13); Respondent's Affidavit in Answer to a Petition for *Habeas Corpus* ("Resp't's Aff."), (Dkt. 10); Respondent's Brief ("Resp't's Br."), (attached to Resp't's Aff., at Ex. 10); and the Brief for Appellant ("Appellant's Br.") (attached to Resp't's Aff., at Ex. 9). All exhibits cited herein are attached to Resp't's Aff. (Dkt. 10).

A.      **The Crime**

On September 6, 2007, in Poughkeepsie, New York, Petitioner pushed his mother in-law, Brenda Vantassell ("Vantassell"), down a flight of steps.  Vantassell threatened to call the police. Petitioner then kicked, punched, and pushed Vantassell's head against the floor.  Vantassell later died of severe head trauma.  (See Apr. 29, 2008 Tr., at 16-17 (Ex. 6).)  On October 4, 2007, Petitioner was indicted on one count of murder in the second degree, in violation of N.Y. Penal Law § 125.25.[2]  (See Indictment (Ex. 2).)

On November 29, 2007, Petitioner moved by pretrial omnibus motion to suppress his confession and certain evidence obtained from the crime scene.  The court granted the motion to the extent that it ordered a pretrial hearing.  However, the hearing was not held because Petitioner subsequently pled guilty.  (See Jan. 22, 2008 Decision and Order (Ex. 5); Resp't's Aff. ¶¶ 6-7.)

B.      **Guilty Plea and Sentencing**

On April 29, 2008, Petitioner, accompanied by counsel and an interpreter,[3] informed the court that he had agreed to a plea bargain.  He stated that he intended to plead guilty to manslaughter in the first degree, in violation of  N.Y. Penal Law § 125.20, in full satisfaction of the indictment.[4]  He also stated that he understood that his guilty plea would result in a determinate sentence of twenty-three years imprisonment and five years of post-release supervision.  (See id. at 2-4.)

_____

[2] "A person is guilty of murder in the second degree when . . . [w]ith intent  to  cause the death of another person, he causes the death of  such  person . . . ."  N.Y. Penal Law § 125.25(1).

[3] Petitioner apparently understands English, but indicated he that he is more comfortable participating in court proceedings through a Spanish interpreter.  (See Apr. 29, 2008 Tr., at 2.)

[4] "A person is guilty of manslaughter in the first degree when . . . [w]ith intent to cause serious physical injury to another person, he causes the death of such person . . . ."  N.Y. Penal Law § 125.20(1).

Petitioner was then placed under oath and stated that he decided to plead guilty after he consulted with counsel. He stated that he understood that by pleading guilty he waived, among things, the rights to a trial by jury or judge; to be proven guilty beyond a reasonable doubt as to each element of the offense; to cross-examine and to confront witnesses; and to remain silent. (See id. at 6-14.)

Petitioner again confirmed that he was voluntarily pleading guilty to manslaughter in the first degree in exchange for a sentence of twenty-three years imprisonment. He also stated that he understood the offense carried a maximum possible sentence of twenty-five years. (See id. at 14.) Petitioner then allocuted to the crime. Specifically, he stated that, in the City of Poughkeepsie, New York, with the intent to seriously injure Vantassell, he caused Vantassell's death by striking her in the face with his fists and by pushing her head into the floor. The court accepted Petitioner's plea. (See id. at 16-17.) On June 6, 2008, Petitioner was sentenced in accordance with the terms of the plea bargain and ordered to pay $8,350.00 in restitution to Vantassell's family. (See June 6, 2008 Tr., at 11 (Ex. 7).)

## C.  **Direct Appeal**

Petitioner, through counsel, appealed his conviction to the New York State Appellate Division, Second Department, on the following grounds: (1) the sentence was excessive;[5] (2) the court failed to properly inquire into whether Petitioner understood the nature of the charge

---

[5] Specifically, the Brief for Appellant states that "appellant's sentence of 23 years' imprisonment, upon his plea to manslaughter in the first degree, was excessive." (Appellant's Br., at 5 (typeface altered from original).) The brief also cited Robinson v. California, 370 U.S. 660 (1962), and argued that the sentence constituted cruel and unusual punishment because it was significantly higher than sentences received by similarly-situated defendants. (See id. at 9-10.)

3

and was intelligently entering his plea;[6] and (3) the court erred by failing to set a time and

manner for Petitioner to pay the restitution that it ordered.[7]   (See Appellant's Br., at 2-17.)   The

Second Department affirmed the conviction on June 29, 2010.   People v. Rojas, 903 N.Y.S.2d

258 (App. Div. 2010).   Petitioner sought leave to appeal to the New York Court of Appeals,

which was denied on September 2, 2010.   People v. Rojas, 15 N.Y.3d 855 (2010).   Petitioner did

not seek a writ of certiorari to the United States Supreme Court or file post-conviction collateral

motions in state court.   (See Pet., at 2 (unpaginated).)

**D.      _Habeas Corpus_ Proceedings**

On June 6, 2011, Petitioner filed a petition seeking a federal writ of habeas corpus.[8]   (See

generally id.)   He raises the same claims that he raised on direct appeal, but has inserted

references to the Constitution and federal caselaw in stating those claims.   Specifically,

Petitioner argues: (1) his sentence was excessive in view of the fact that the court failed to

conduct a hearing pursuant to Boykin v. Alabama, 395 U.S. 238 (1968), in violation of his Sixth

and Fourteenth Amendment rights;[9] (2) the state court's failure to conduct a Boykin hearing

---

[6] Specifically, the Brief for Appellant states that, "after Appellant said 'it was never my intention to hurt [the victim],' the court never conducted further inquiry to ensure either that the defendant understood the nature of the charge or that the plea was being intelligently entered." (Appellant's Br., at 11 (typeface altered from original).)

[7] Specifically, the Brief for Appellant states that, "despite a request from Appellant, the County Court failed to fix the time and manner of the restitutionary payment." (Appellant's Br., at 15 (typeface altered from original).)

[8] The petition was timely filed. See 28 U.S.C. § 2244(d)(1)-(2).

[9] Specifically, Ground One states:

Petitioner's Sentence of 23 years imprisonment, upon his plea to Manslaughter in the first degree, was excessive in view of the fact that the court failed to conduct a Boykin Rule hearing See: Boykin v. Alabama, 395 U.S. 238, and such was violative of Petitioner's rights under the VI & XIV Amendment's of the United States

4

violated his Sixth and Fourteenth Amendment rights;[10] and (3) Petitioner's Sixth and Fourteenth

Amendment rights were violated when the state court failed to set the time and manner to pay

the restitution that it ordered.  (See Pet., at 6.)

On September 15, 2011, Respondent filed its answer.  (Dkt. 10.)  Petitioner filed a reply

which was received in chambers on November 29, 2011.  (Dkt. 13.)  In that reply, he stated that,

even if this Court deemed Grounds Two and Three procedurally barred from federal review, his

petition should still be reviewed because it was "brought in Federal Constitutional Terms, clearly

stating constitutional abridgements, which are protected to the extent of Due Process and Equal

Protection under the XIV Amendment of the United States Constitution."  (Id. ¶ 5 (emphasis

omitted).)[11]

––––––––––––––––––––––––––––––––

Constitution.

(Pet., at 6 (typeface altered from original).)

[10] Specifically, Ground Two states:

> After petitioner said "it was never my intention to hurt [the victim," the court never
> conducted further inquiry to ensure either that the defendant understood the nature
> of the charge or that the plea was being intelligently entered was such that the court
> could not willingly accept such plea where the Petitioner is a non English speaking
> person with limited education, and such was contrary to the Boykin rule, 395 U.S.
> 238, See also: Johnson v. Zerbst, 304 U.S. 458 (1938), and contrary to the VI & XIV
> amendment's of the United States Constitution.

(Pet., at 6 (typeface altered from original).

[11] Petitioner stated in his reply that he never received Respondent's Memorandum of
Law.  I directed Respondent to serve the memorandum on Petitioner and granted Petitioner 30
days to file a supplemental response thereafter.  (See Dkt. 14.)  The docket reflects that
Petitioner was served with Respondent's memorandum on or about June 27, 2012.  (Dkt. 20.)
Petitioner did not file a supplemental reply.

## III. DISCUSSION

### A.      Applicable Law on *Habeas Corpus* Review

"Habeas review is an extraordinary remedy."  Bousley v. United States, 523 U.S. 614,

621 (1998) (citing Reed v. Farley, 512 U.S. 339, 354 (1994)).  Before a federal district court may

review the merits of a state criminal judgment in a *habeas corpus* action, the court must first

determine whether the petitioner has complied with the procedural requirements set forth in 28

U.S.C. §§ 2244 and 2254.  If there has been procedural compliance with these statutes, the court

must then determine the appropriate standard of review applicable to the petitioner's claims in

accordance with § 2254(d).  The procedural and substantive standards applicable to *habeas*

review, which were substantially modified by the Anti-Terrorism and Effective Death Penalty

Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1220 (Apr. 24, 1996), are summarized

below.

### 1.      *Timeliness Requirement*

A federal *habeas corpus* petition is subject to AEDPA's strict, one-year statute of

limitations.  See 28 U.S.C. § 2244(d).  The statute provides four different potential starting

points for the limitations period, and specifies that the latest of these shall apply.  See id. §

2244(d)(1).  Under the statute, the limitations period is tolled only during the pendency of a

properly filed application for State post-conviction relief, or other collateral review, with respect

to the judgment to be challenged by the petition.  See id. § 2244(d)(2).  The statute reads as

follows:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of
> habeas corpus by a person in custody pursuant to the judgment of a State court.
> The limitation period shall run from the latest of –
>
>      (A) the date on which the judgment became final by the conclusion of

direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(d)(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Id. § 2244(d).

The one-year limitation period is subject to equitable tolling, which is warranted when a petitioner has shown "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 130 S. Ct. 2549, 2562 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). In the Second Circuit, equitable tolling is confined to "rare and exceptional circumstance[s]," Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir. 2000) (per curiam) (internal quotation marks omitted), which have "prevented [the petitioner] from filing his petition on time," Valverde v. Stinson, 224 F.3d 129, 134 (2d Cir. 2000) (internal quotation marks and emphasis omitted). The applicant for equitable tolling must "demonstrate a causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of his filing, a demonstration that cannot be made if the petitioner, acting with reasonable diligence, could have filed on time notwithstanding the extraordinary circumstances." Id.

7

2.    *Exhaustion Requirement*

A federal court may not grant *habeas* relief unless the petitioner has first exhausted his claims in state court. O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999); see § 2254(b)(1) ("[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that – (A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant"); id. § 2254(c) (the petitioner "shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented"). The exhaustion requirement promotes interests in comity and federalism by demanding that state courts have the first opportunity to decide a petitioner's claim. See Rose v. Lundy, 455 U.S. 509, 518–19 (1982).

To exhaust a federal claim, the petitioner must have "fairly present[ed] his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim," and thus "giving the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." Baldwin v. Reese, 541 U.S. 27, 29 (2004) (internal quotation marks omitted). "Because non-constitutional claims are not cognizable in federal habeas corpus proceedings, a habeas petition must put state courts on notice that they are to decide federal constitutional claims." Petrucelli v. Coombe, 735 F.2d 684, 687 (2d Cir. 1984) (internal citation omitted) (citing Smith v. Phillips, 455 U.S. 209, 221 (1982)). Such notice requires that the petitioner "apprise the highest state court of both the factual and legal premises of the federal claims ultimately asserted in the habeas petition." Galdamez v. Keane, 394 F.3d 68, 73 (2d Cir. 2005). A claim may be "fairly

8

presented" to the state courts, therefore, even if the petitioner has not cited "chapter and verse of

the Constitution," in one of several ways:

> (a) [R]eliance on pertinent federal cases employing constitutional analysis, (b) reliance on state cases employing constitutional analysis in like fact situations, (c) assertion of the claim in terms so particular as to call to mind a specific right protected by the Constitution, and (d) allegation of a pattern of facts that is well within the mainstream of constitutional litigation.

Daye v. Attorney Gen. of State of N.Y., 696 F.2d 186, 194 (2d Cir. 1982).  A *habeas* petitioner

who fails to meet a state's requirements to exhaust a claim will be barred from asserting that

claim in federal court.  Edwards v. Carpenter, 529 U.S. 446, 451 (2000).

However, "[f]or exhaustion purposes, a federal habeas court need not require that a

federal claim be presented to a state court if it is clear that the state court would hold the claim

procedurally barred."  Reyes v. Keane, 118 F.3d 136, 139 (2d Cir. 1997) (internal quotation

marks omitted).  "In such a case, a petitioner no longer has remedies available in the courts of

the State within the meaning of 28 U.S.C. § 2254(b)."  Grey v. Hoke, 933 F.2d 117, 120 (2d Cir.

1991) (internal quotation marks omitted).  Such a procedurally barred claim may be deemed

exhausted by a federal *habeas* court.  See, e.g., Reyes, 118 F.3d at 139.  However, absent a

showing of either "cause for the procedural default and prejudice attributable thereto," Harris v.

Reed, 489 U.S. 255, 262 (1989), or "actual innocence," Schlup v. Delo, 513 U.S. 298 (1995), the

petitioner's claim will remain unreviewable by a federal court.

Finally, notwithstanding the procedure described above, a federal court may yet exercise its

discretion to review and deny a mixed petition containing both exhausted and unexhausted

claims, if those unexhausted claims are "plainly meritless."  Rhines v. Weber, 544 U.S. 269, 277

(2005); see § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the

merits, notwithstanding the failure of the applicant to exhaust the remedies available in the

courts of the State."); see also, e.g., Padilla v. Keane, 331 F. Supp. 2d 209, 216 (S.D.N.Y. 2004) (interests in judicial economy warrant the dismissal of meritless, unexhausted claims).

> 3.  *Procedural Default*

Even where an exhausted and timely *habeas* claim is raised, comity and federalism demand that a federal court abstain from its review when the last-reasoned state court opinion to address the claim relied upon "an adequate and independent finding of a procedural default" to deny it. Harris, 489 U.S. at 262; see also Coleman v. Thompson, 501 U.S. 722, 730 (1991); Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991); Levine v. Comm'r of Corr. Servs., 44 F.3d 121, 126 (2d Cir. 1995).

A state court decision will be "independent" when it "fairly appears" to rest primarily on state law. Jimenez v. Walker, 458 F.3d 130, 138 (2d Cir. 2006) (citing Coleman, 501 U.S. at 740). A decision will be "adequate" if it is "'firmly established and regularly followed' by the state in question." Garcia v. Lewis, 188 F.3d 71, 77 (2d Cir. 1999) (quoting Ford v. Georgia, 498 U.S. 411, 423–24 (1991)).

> 4.  *AEDPA Standard of Review*

Before a federal court can determine whether a petitioner is entitled to federal *habeas* relief, the court must determine the proper standard of review under AEDPA for each of the petitioner's claims. § 2254(d)(1)–(2). This statute "modifie[d] the role of federal habeas courts in reviewing petitions filed by state prisoners," and imposed a more exacting standard of review. Williams v. Taylor, 529 U.S. 362, 402 (2000). For petitions filed after AEDPA became effective, federal courts must apply the following standard to cases in which the state court adjudicated on the merits of the claim:

> An application for a writ of habeas corpus on behalf of a person in custody

10

pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

§ 2254(d)(1)–(2). The deferential AEDPA standard of review will be triggered when the state court has both adjudicated the federal claim "on the merits," and reduced its disposition to judgment. Sellan v. Kuhlman, 261 F.3d 303, 312 (2d Cir. 2001). Where the state court "did not reach the merits" of the federal claim, however, "federal habeas review is not subject to the deferential standard that applies under AEDPA . . . . Instead, the claim is reviewed *de novo*." Cone v. Bell, 556 U.S. 449, 472 (2009); see § 2254(d).

Under the first prong of the AEDPA deferential standard, a state court decision is contrary to federal law only if it "arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if [it] decides a case differently than [the Supreme Court] has on a set of materially indistinguishable facts." Williams, 529 U.S. at 413. A decision involves an "unreasonable application" of Supreme Court precedent if the state court "identifies the correct governing legal rule from [the Supreme Court's] cases but unreasonably applies it to the facts of the particular state prisoner's case," or if it "either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." Id. at 407. Under the second prong of AEDPA, the factual findings of state courts are presumed to be correct. § 2254(e)(1); see Nelson v. Walker, 121 F.3d 828, 833 (2d Cir. 1997). The petitioner

11

must rebut this presumption by "clear and convincing evidence."  § 2254(e)(1).

**B.**    **Application**

  1.    *Ground One: Excessive Sentence*

Petitioner's first claim argues that his sentence was excessive, and that the state court's failure to conduct a <u>Boykin</u> hearing violated his Sixth and Fourteenth Amendment rights.  (<u>See</u> Pet., at 6.)  Respondent contends that this Petitioner does not state a cognizable federal sentencing claim and that the claim is otherwise unexhausted.  (<u>See</u> Resp't Mem., at 4-7.)

I agree with Respondent that, to the extent that Petitioner argues his sentence was excessive, that claim is not cognizable upon *habeas* review.  It is well-settled that "[n]o federal constitutional issue is presented where . . . the sentence is within the range prescribed by law." <u>White v. Keane</u>, 969 F.2d 1381, 1383 (2d Cir. 1992).  In this case, a determinate sentence of twenty-three years is within the range permitted by New York law.  <u>See</u> N.Y. Penal Law § 125.20 (classifying manslaughter in the first degree as a class B felony); <u>id.</u> § 70.02(1)(a) (classifying manslaughter in the first degree a class B violent felony offense); <u>id.</u> § 70.02(2)(a) (requiring a determinate sentence for class B violent felony offense); <u>id.</u> § 70.02(3)(a) (requiring a term of sentence of at least five years and no greater than twenty-five years for a class B violent felony offense).    Accordingly, this claim must be denied.

As noted above, Petitioner has appended a reference to <u>Boykin v. Alabama</u>, 395 U. S. 238 (1968) to the excessive sentence claim he presented to the state courts on direct appeal.[12] This <u>Boykin</u>  reference is *non sequitur*, however, as Petitioner has not explained how any defect in his plea allocution is relevant to his sentencing claim.  I do not agree with Respondent that

_____

  [12] In <u>Boykin</u>, the Supreme Court held that the record must clearly show that a defendant was apprised of his Fifth and Sixth Amendment rights before the court accepts his guilty plea. 395 U.S. at 243.

Petitioner's unexplained citation to <u>Boykin</u> represents a separate, unexhausted claim. (Resp't

Mem., at 4.) Instead, I construe Petitioner's citation to <u>Boykin</u> as pertaining to Petitioner's

exhausted challenge to his plea hearing, addressed below under Ground Two.

      2.    *Ground Two: Petitioners's Guilty Plea*

     Petitioner argues that the state court's failure to make additional inquiry during his plea

hearing, pursuant to <u>Boykin v. Alabama</u>, 395 U. S. 238 (1968), violated his Sixth and

Fourteenth Amendment rights. (<u>See</u> Pet., at 6.) Respondent contends that this claim remains

procedurally barred and is otherwise without merit. (<u>See</u> Resp't Mem., at 7-10.) I agree with

Respondent that this claim is procedurally barred.

     It is clear from the Second Department's written decision that it actually relied upon a

state procedural rule in denying this claim.[13] Specifically, the court relied upon New York

State's requirement that a challenge to the validity of a guilty plea be preserved for appellate

review by first seeking in the trial court to withdraw the plea[14] or by moving to vacate the

---

[13] The opinion reads in pertinent part:

> The defendant's challenge to the factual sufficiency of his plea allocution is unpreserved for appellate review since the defendant failed to move to withdraw his plea prior to sentencing . . . .

<u>Rojas</u>, 903 N.Y.S.2d at 258.

[14] At any time before the imposition of sentence, the court in its discretion may permit a defendant who has entered a plea of guilty to the entire indictment or to part of the indictment, or a plea of not responsible by reason of mental disease or defect, to withdraw such plea, and in such event the entire indictment, as it existed at the time of such plea, is restored.

N.Y. Crim. Proc. Law § 220.60(3).

judgement of conviction.[15]  See Rojas, 903 N.Y.S.2d at 258.  It is well-settled that in New York,

such challenges must be preserved in the manner described, and state courts regularly follow

this rule in denying claims.  See, e.g., Garcia v. Boucaud, No. 09 Civ. 5758, 2011 WL 1794626,

at *3 (S.D.N.Y. May 11, 2011) (internal quotation marks and citation omitted) ("Treating a

failure to withdraw a plea as a procedural default is well-established in the New York courts. . .

. [T]he Court of Appeals [has] noted [in] its prior holdings that in order to preserve a challenge

to the factual sufficiency of a plea allocution there must have been a motion to withdraw the

plea under [N.Y. Crim. Proc. Law] § 220.60(3) or a motion to vacate the judgment of

conviction under [N.Y. Crim. Proc. Law] § 440.10.  Numerous New York courts, including

federal courts on habeas review, have applied that rule in rejecting challenges to the sufficiency

of guilty pleas as . . . procedurally barred.");[16] Hunter v. McLaughlin, No. 04 Civ. 4058, 2008

WL 482848, at *3 (S.D.N.Y. Feb. 21, 2008) (collecting cases and determining that "[t]here is

ample case law holding that a defendant must notify the trial court of his request to withdraw a

guilty plea on a specific basis in order to preserve that issue for appeal"); Anaya v. Brown, No.

05 Civ. 8974, 2006 WL 2524079, at *7-8 (S.D.N.Y. Sept. 1, 2006) (collecting cases and

determining that "New York case law clearly indicates that [petitioner] was required to present

his failure-to-inquire claim to the trial court in the first instance if he wanted to preserve it for

appellate review").  Accordingly, in denying this claim, the state court relied upon an

independent and adequate procedural bar that precludes federal review.[17]

-------------------------------------

[15] "At any time after the entry of a judgment, the court in which it was entered may, upon motion of the defendant, vacate such judgment . . . ."  N.Y. Crim. Proc. Law § 440.10(1).

[16] Copies of unreported cases cited herein will be mailed to Petitioner.  See Lebron v. Sanders, 557 F.3d 76 (2d Cir. 2009).

[17] The New York Court of Appeals has recognized a narrow exception to this waiver rule, holding that "where a defendant's factual recitation negates an essential element of the

14

Petitioner has not asserted cause or prejudice or a fundamental miscarriage of justice that would permit this Court to circumvent his procedural default and review the merits of this claim. Accordingly, Ground Two must be denied.

3.    *Ground Three: Restitution*

Petitioner argues that his Sixth and Fourteenth Amendment rights were violated when the state court failed to set a time and manner to pay the restitution that it ordered.  (See Pet., at 6.)  Respondent contends that Petitioner's restitution claim is procedurally barred and not cognizable upon *habeas* review.  (See Resp't's Mem., at 10-12.)  Respondent is correct.

It is clear from the Second Department's decision that the court actually relied upon New York's contemporaneous objection rule in denying the claim as unpreserved for appellate review.[18]  Rojas, 903 N.Y.S.2d at 258.  The court's reliance upon this state procedural rule constitutes an independent and adequate ground for its decision.  See Wainwright v. Sykes, 433

---

crime pleaded to, the court may not accept the plea without making further inquiry to ensure that defendant understands the nature of the charge and that the plea is intelligently entered." People v. Lopez, 71 N.Y.2d 662, 666 (1988). Here, however, the Second Department specifically determined that the Lopez exception does not apply. See Rojas, 903 N.Y.S.2d at 258.

[18] The opinion reads in pertinent part: "The defendant's challenge to the restitution component of his sentence is unpreserved for appellate review (see CPL 470.05[2]; People v. Bruno, 900 N.Y.S.2d 447; People v. Harris, 900 N.Y.S.2d 137) . . . ." Rojas, 903 N.Y.S.2d at 258 (parallel citations omitted).  The court's citation to N.Y. Crim. Proc. Law § 470.05(2) reveals that it relied upon New York's contemporaneous objection rule.

> For purposes of appeal, a question of law with respect to a ruling or instruction of a criminal court during a trial or proceeding is presented when a protest thereto was registered, by the party claiming error, at the time of such ruling or instruction or at any subsequent time when the court had an opportunity of effectively changing the same.

N.Y. Crim. Proc. Law § 470.05(2).  Under this section, "an objection to a ruling or instruction of a criminal court must be raised contemporaneously with the challenged ruling or instruction in order to preserve the objection for appellate review." Green v. Travis, 414 F.3d 288, 294 (2d Cir. 2005) (citing People v. Jones, 440 N.Y.S.2d 248, 254 (App. Div. 1981)).  Additionally, the objection must "be made with sufficient specificity to enable the trial court to respond." Id.

15

U.S. 72, 86 (1977) (contemporaneous objection rule constitutes adequate procedural ground for dismissal); Bossett v. Walker, 41 F.3d 825, 829 n.2 (2d Cir. 1994) (same).

As in Ground Two, Petitioner has not asserted cause or prejudice or a fundamental miscarriage of justice that would permit this Court to circumvent his procedural default and review the merits of this claim. Accordingly, Ground Three must be denied.[19]

## IV. CONCLUSION

For the reasons set forth above, I conclude – and respectfully recommend that Your Honor should conclude – that the Petition should be **DENIED**. Further, because reasonable jurists would not find it debatable that Petitioner has failed to demonstrate by a substantial showing that he was denied a constitutional right, I recommend that no certificate of appealability be issued. See 28 U.S.C. § 2253(c); Slack v. McDaniel, 529 U.S. 473, 483–84 (2000).

## V. NOTICE

Pursuant to 28 U.S.C. 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days, plus an additional three (3) days, or a total of seventeen (17) days, from service of this Report and Recommendation to serve and file written objections. See also Fed. R. Civ. P. 6(a), (b), (d). Such objections, if any, along with any responses to the objections, shall be filed with the Clerk of the Court with extra copies delivered to the chambers

---

[19] Furthermore, *habeas* relief is unavailable for claims that have no effect upon a petitioner's custody. See 28 U.S.C. § 2254(a) (emphasis added) (stating that a district court may entertain a petition for a writ of *habeas corpus* "only on the ground that [the Petitioner] is *in custody* in violation of the Constitution or laws or treaties of the United States"). I note that the Second Circuit has declined to grant *habeas* relief for restitution claims brought under § 2255. See United States v. Boyd, 407 F. App'x 559, 560 (2d Cir. 2011) (quoting Kaminski v. United States, 339 F.3d 84, 87 (2d Cir. 2003)) ("Restitution orders cannot be challenged through a habeas petition because a 'monetary fine is not a sufficient restraint on liberty to meet the in custody requirement', even if raised in conjunction with a challenge to a sentence of imprisonment.").

16

of the Honorable Cathy Seibel, at the Honorable Charles L. Brieant, Jr. Federal Building and United States Courthouse, 300 Quarropas Street, White Plains, New York 10601, and to the chambers of the undersigned at the same address.

Failure to file timely objections to this Report and Recommendation will preclude later appellate review of any order of judgment that will be entered.  Requests for extensions of time to file objections must be made to Judge Seibel.

Dated: October 18, 2012
       White Plains, New York

                         Respectfully submitted,

                         Paul E. Davison
                         United States Magistrate Judge
                         Southern District of New York

A copy of the foregoing Report and Recommendation has been sent to the following:

    The Honorable Cathy Seibel
    The Honorable Charles L. Brieant, Jr. Federal Building and United States Courthouse
    300 Quarropas Street
    White Plains, New York 10601

    Miguel Rojas, *pro se*
    08-A-3238
    Sing Sing Correctional Facility
    354 Hunter Street
    Ossining, New York 10562

    Bridget Rahilly Steller, Esq.
    Office of the Dutchess County District Attorney
    236 Main Street
    Poughkeepsie, New York 12601